fendant, but were on hand in stock and sold to it by the plaintiff, as goods ordinarily are. But, assuming that the goods were sold with warranty, their title thereto passed to the defendant, and it became liable, when sued therefor, to pay the contract price, less the amount of damages which the defendant sustained by reason of any breach of warranty. 1 Suth. Dam. § 170; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588. The ordinary damages in such a case are the difference between the actual value of the article sold, with all its vices and defects, and that of an article. such as the article sold was warranted to be, at the time and place of sale. Story, Sales, § 454; Sedg. Dam. (6th Ed.) §§ 701, 702; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588. Where the article is warranted fit for a particular purpose, the purchaser can recover the damages caused by an attempt to use it for that purpose. Sedg. Dam. (6th Ed.) § 766. There is neither allegation nor proof that the plaintiff knew that the defendant ordered the goods to complete a contract it had with another person, nor is there anything in the case which extends the measure of damages beyond the rules stated. We find no evidence which authorized the trial judge to deduct any sum from the contract price in this instance, under either of the two rules stated. The exceptions are without merit, and the judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur.

---

GORI, Respondent, v. HEALY, Appellant. (City Court of New York, General Term. December, 1901.) Action by ·Raffaello Gori against Edward J. Healy. Louis Levy, for appellant. William J. Fanning, for respondent.

FITZSIMONS, C. J. This is an action for damages for the wrongful taking and conversion of personal property. The plaintiff claims that he purchased the converted property from Ciani Bros. on July 7, 1898; that it was removed to a small store, at No. 605 Water street, on July 8th, 9th, 10th, 11th; that shortly after such sale Ciani left for Italy and failed in business. It also appears that Ciani Bros. purchased the goods in question from one Chevallier, who sued Ciani for the value thereof, obtained an attachment, and sold the goods under the execution in question. The defendant, being a city marshal, seized the goods and sold them under execution. Thus this action against him. The main issue in the case was, "Did plaintiff own these goods, or was the sale a mere blind, and made for the purpose of defrauding Ciani's creditors, or was there any sale at all?" The plaintiff sustains his contention by his own evidence; also a bookkeeper formerly in Ciani's employ. The plaintiff did not know where the goods were when he bought them, and paid $975 for them. He had not examined or sampled the goods. Instead of being on a dock, where plaintiff supposed them to be, the goods were in two storage warehouses. The driver of one of the trucks, employed to remove the goods to plaintiff's warehouse, as he chooses to call it, was requested to keep his mouth closed. Plaintiff was a judge of wines. He testified that he was a salesman, and also contemplated going into the wine business on his own account. He received the goods at his own warehouse, which consisted of a small store and cellar. The store was damp, and the cellar contained a great deal of water. Such a storage place was an extremely bad one to store wines in. Besides, it appears that most of the barrels of wines were placed standing on their heads, instead of being laid down on their sides,— a very bad way to keep them. Then, after plaintiff had learned that his goods were taken by the sheriff or marshal, he never made an honest or earnest attempt to find them. Apparently he was willing to let them be sold and then sue for their value. These facts and circumstances, with many others that appear in the appeal record, convince me that there was no bona fide sale of the goods to plaintiff by Ciani, and that at the time of the seizure they were really Ciani's goods. At least, defendant being a public officer, not wishing to do anything wrong in this matter, should have an opportunity, in the interest of justice, to have a retrial herein, because of the suspicious facts and circumstances surrounding this case. The judgment is reversed, and a new trial ordered, with costs to appellant to abide event of action.

HASCALL, J., concurs.

---

GOTT, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Joseph W. Gott, as administrator, etc., of Anton Slach, deceased, against the Erie Railroad Company. No opinion. Judgment and order affirmed, with costs.

---

GRAVES, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Norman K. Graves, as administrator, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to the sum of $7,000, in which event the judgment and order, as so modified, affirmed, without costs of this appeal to either party.

---

GRAY, Respondent, v. METROPOLITAN ST. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by John G. Gray against the Metropolitan Street Railroad Company. T. H. Lord, for appellant. T. P. Wickes, for respondent. No opinion. Judgment and order affirmed, with costs. See 57 N. Y. Supp. 587.

---

GREENWALD et al., Respondents, v. WALES, Sheriff, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Joseph Greenwald and others against Augustus G. Wales, as sheriff of Broome county. No opinion. Order denying defendant's motion to strike certain

items from the taxation of costs affirmed, with $10 costs and disbursements. See 72 N. Y. Supp. 1105.

---

**GREENWALD et al., Respondents, v. WALES, Sheriff, Appellant.** (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Joseph Greenwald and others against Augustus G. Wales, as sheriff of Broome county.

PER CURIAM. Judgment and order denying motion for a new trial reversed, and new trial granted, with costs to appellant to abide event, unless respondent will stipulate to reduce the judgment by deducting therefrom the damages given for detention, and, if such stipulation be given, the judgment then may stand affirmed, without costs to either party.

---

**GREENWOOD v. BRIGHTS CHEMICAL CO.** (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by Thomas Greenwood, as assignee, against the Brights Chemical Company. No opinion. Motion granted, with $10 costs.

---

**GRIFFITHS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant.** (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Harry Griffiths against the Metropolitan Street Railway Company. T. H. Lord, for appellant. F. E. M. Bullowa, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 66 N. Y. Supp. 801.

---

**GROTE, Respondent, v. HOLLIS, Appellant.** (Supreme Court, Appellate Term. October, 1901.) Action by George W. Grote, trustee, etc., against Henry B. Hollis. George W. Blunt, for appellant. Edward J. McGanney, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover for rent of certain premises leased by the defendant. The lease was in writing, and by its terms the defendant had rented the premises for one year and three months from February 1, 1900, at a yearly rent of $1,200 per year, with the privilege of a renewal for one year to May 1, 1902, at the yearly rental of $1,350; the rent for both terms to be paid monthly in advance. The defendant conceded upon the trial that he owed the rent for the month of April, 1901, and that the proof is amply sufficient to uphold the finding of the trial court that he held over and continued in possession of the demised premises until about the 23d day of May, 1901. It is claimed by the defendant that he served a written notice upon the plaintiff, at least 30 days prior to the expiration of the lease, to the effect that the premises would be vacated by him, and that the lease would not be renewed, and the refusal of the court below to allow proof of the service of such notice is argued upon this appeal as reversible error. In view of the fact that the tenant held over and retained possession of the rented premises after the expiration of his first term, such notice is of no avail as a defense to plaintiff's claim for rent accrued during the occupation of the premises by the defendant. Judgment affirmed, with costs. All concur.

---

**HAGAN, Respondent, v. BUFFALO TRACTION CO., Appellant.** (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by John Hagan against the Buffalo Traction Company. No opinion. Order affirmed, with costs.

---

**HAINES, Respondent, v. METROPOLITAN ST. RY. CO., Appellant.** (Supreme Court, Appellate Division, First Department. February 14, 1902.) Action by Samuel B. Haines against the Metropolitan Street Railway Company. T. H. Lord, for appellant. A. E. Kaufuss, for respondent. No opinion. Judgment and order affirmed, with costs.

---

**HALL, Appellant, v. FALL BROOK RY. CO., Respondent.** (Supreme Court, Appellate Division, Fourth Department. January 7, 1902.) Action by Henry Wilson Hall against the Fall Brook Railway Company. No opinion. Judgment and order affirmed, with costs.

---

**HALLOCK, Respondent, v. FENNER et al., Appellants.** (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by George E. Hallock, as executor, etc., against Kate Fenner and others. No opinion. Motion denied.

---

**HALPIN v. COLEMAN et al. PEOPLE v. MUTUAL BREWING CO.** (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Actions by Paul Halpin against Matthew Coleman and another, and by the people of the state of New York against the Mutual Brewing Company. No opinion. Motions for reargument denied; but the order of reversal by this court may be modified, so as to provide for the cancellation of any changes noted upon the records in Albany or Queens counties, if any such changes were made in consequence of the leave to issue execution.

---

**HAMILTON, Appellant, v. FABER, Respondent.** (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Eleanor M. Hamilton, by guardian, against J. Eberhard Faber. M. A. Tyng, for appellant. G. Zabriskie, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 69 N. Y. Supp. 434.

---

**HAMMOND v. NELSON et al.** (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Mary R. Hammond against Charles Nelson and others.

PER CURIAM. Order of county court, directing the sale of the mortgaged premises herein, modified by adding the words, "provided the same can be sold for an amount sufficient to pay the mortgage debt, interest, costs, and all expenses of sale, so as to avoid any deficiency judgment herein," and, as thus modified, affirmed, without costs of this appeal to either party.